# EXHIBIT 1

COPY ORIGINAL FILED
MAY 27 2009
THOMAS R. FALLQUIST
SPOKANE COUNTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

THE RIDGE CONDOMINIUM OWNERS ASSOCIATION OF SPOKANE, a Washington nonprofit corporation

Plaintiff,

v.

HOF-PORTAGE OWNER LLC, a Delaware limited liability company, MANCHESTER MANAGEMENT, LLC, a Washington limited liability company, HOF-PORTAGE PROPERTIES LLC, a Delaware limited liability company, HUDSON REALTY CAPITAL, LLC, a Delaware limited liability company, RICHARD WILSON individually, JOHN DOE I and JOHN DOE II,

Defendants.

No. 0920234 3-8

PLAINTIFF'S COMPLAINT FOR:

(1) BREACH OF IMPLIED WARRANTIES INCLUDING WARRANTY OF SUITABILITY UNDER THE WASHINGTON CONDOMINIUM ACT;
(2) BREACH OF PURCHASE AND SALE AGREEMENT CONTRACTS;
(3) NEGLIGENT PROPERTY/REAL ESTATE MANAGEMENT;
(4) BREACH OF FIDUCIARY DUTY;
(5) LIABILITY UNDER RCW 64.34.344 AND THE DECLARATION;
(6) VIOLATION OF THE CONSUMER PROTECTION ACT; AND
(7) LIABILITY UNDER RCW 64.34.405, 64.34.410 AND 64.34.415

Plaintiff The Ridge Condominium Owners Association of Spokane, for itself and its members, hereby asserts the following:

## I. PARTIES

1.1 Pursuant to the Declaration and Covenants, Conditions, Restrictions and Reservations for The Ridge, a Condominium ("Declaration"), and its Articles of Incorporation,



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

plaintiff The Ridge Condominium Owners Association of Spokane, a Washington nonprofit corporation ("Association"), was established under the Washington Condominium Act, RCW 64.34 *et seq.*; as the condominium owners association for The Ridge condominium conversion project ("Condominium" or "Project").

1.2 Pursuant to RCW 64.34.304, 64.34.328 and the Declaration drafted by the "HOF Defendants" (as defined in Paragraph 1.9 below), the Association was charged with an express duty to maintain, repair and replace all of the common elements and limited common elements and other unit owner/Association property located in and on the Project, and has the duty to repair, replace and restore damage to the Project.

1.3 Pursuant to RCW 64.34.304(1)(d) and the Declaration, the Association has the right to institute litigation, "in its own name on behalf of two or more unit owners on matters affecting the condominium." The Association is instituting this action pursuant to that statute, the Declaration, and on other grounds, on behalf of itself and the unit owners on matters affecting the Condominium.

1.4 Defendant, HOF-Portage Owner LLC ("HOF"), is a Delaware limited liability company doing business in Spokane County, Washington. HOF is registered under the laws of the State of Washington. HOF is identified in the Declaration and Public Offering Statement the Ridge, a Condominium ("Ridge POS"), as the "declarant" of the Project. HOF is believed to have had an ownership interest in the Project, converted the apartments to condominiums, marketed and advertised units for sale, sold units and had an ownership interest in proceeds from the sales of units, operated and controlled the Association and Board of Directors of the Association ("Board"), levied and collected assessments, failed to properly levy and collect assessments, and failed to provide for, assess and collect adequate reserve funds as required by the Declaration. HOF is also believed to have had or has an ownership interest and/or management role in Manchester (as defined below in paragraph 1.5 below), the management company that operated the Project and that failed to adequately maintain and repair the Project



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

prior to and during the period of declarant control and possibly for some time thereafter. HOF acted in concert with and/or was controlled by the other HOF Defendants in converting the Project from apartments to condominiums, in managing the Project, in the marketing and selling units therein, and in governing, operating and controlling the Association during the period of declarant control. HOF, through its members, representatives and agents, was on notice of claims by the then apartment residents of defects/defective work in construction and the need for and cost of repairs needed to the Project prior to, during and after the conversion of the Project.

1.5 Defendant, Manchester Management, LLC ("Manchester"), is a limited liability company doing business in Spokane County, Washington. Defendant Manchester is registered under the laws of the State of Washington. Manchester is the management company that managed and operated the Project and failed to adequately maintain and repair the Project, prior to and during the period of declarant control and possibly for some time thereafter. Manchester is believed to have been wholly owned and controlled and/or managed by Richard Wilson and/or other HOF Defendants and acted in concert with same. Upon information and belief, Manchester may have acted as a financial investor in the purchase of the Project, had an ownership interest in proceeds from the sales of units and acted in concert with and/or was controlled by the other HOF Defendants in converting the Project from apartments to condominiums, in managing the Project, in the marketing and selling units therein, and in governing, operating and controlling the Association during the period of declarant control. Manchester was on notice of claims by the then apartment residents of defects in construction and the need for and cost of repairs to the Project prior to, during and after the conversion of the Project.

1.6 HOF-Portage Properties LLC ("HOF Properties") is a Delaware limited liability company doing business in Spokane County, Washington. HOF Properties is registered under the laws of the State of Washington. Upon information and belief, HOF Properties acted as a financial investor in the purchase of the Project along with other HOF Defendants and had an



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

ownership interest in the Project and the proceeds from unit sales in the Project and/or was involved in the conversion of the Project from apartments to condominiums and marketing and selling units. Upon information and belief, HOF Properties may have controlled the actions of other HOF Defendants and other related activities of the Project during the period of declarant control and possibly thereafter. Upon information and belief, HOF-Properties acted in concert other HOF Defendants in converting the Project from apartments to condominiums, in managing the Project, in the marketing and selling units therein, and in governing, operating and controlling the Association during the period of declarant control.

1.7 Hudson Realty Capital, LLC ("Hudson") is a Delaware limited liability company doing business in Spokane County, Washington. Hudson is not registered under the laws of the State of Washington. Upon information and belief, Hudson acted as a financial investor in the purchase of the Project, including several other projects in Spokane purchased from Wendell Reugh, and along with other HOF Defendants had an ownership interest in the Project and the proceeds from unit sales in the Project and/or was involved in the conversion of the Project from apartments to condominiums and marketing and selling units. Upon information and belief, Hudson may have controlled the actions of other HOF Defendants and other related activities of the Project during the period of declarant control and possibly thereafter. Upon information and belief, HOF-Properties acted in concert other HOF Defendants in converting the Project from apartments to condominiums, in managing the Project, in the marketing and selling units therein, and in governing, operating and controlling the Association during the period of declarant control.

1.8 Defendant Richard Wilson ("Wilson") is an individual who, upon information and belief, resides in Spokane County, Washington, and is believed to have owned, operated, managed and/or controlled HOF and Manchester and acted in concert with other HOF Defendants in the purchase, management, conversion and sales of units in the Project and had an ownership interest in the Project and the proceeds from unit sales in the Project and was an



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

officer and director appointed to the declarant-controlled Board. Upon information and belief, Wilson acted in concert with and/or controlled other HOF Defendants in converting the Project from apartments to condominiums, in managing the Project, in the marketing and selling units therein, and in governing, operating and controlling the Association during the period of declarant control.

1.9 Defendants HOF, Manchester, HOF-Properties, Hudson, and Wilson will be referred to collectively herein as "HOF Defendants."

1.10 Defendants John Doe I and John Doe II ("Doe I" and "Doe II" respectively) are individuals believed to have acted in concert with other HOF Defendants as appointed officers and/or directors of the Board.

1.11 The Association served the HOF Defendants, by and through their authorized agents, with its pre-litigation RCW 64.50.020 Notice of Claim letter on or before September 12, 2008. On or about October 6, 2008, the Association, by and through its counsel, received a response from HOF Defendants' to inspect the Project. The HOF Defendants through their authorized agents inspected the Project in approximately October and December of 2008, during which time the Association performed some emergency roof repairs. The Association though its counsel exchanged various correspondence with HOF Defendants' counsel requesting a formal response to either remedy the defects, compromise by payment, or dispute the claim. No formal RCW 64.50.020 response was ever received by the Association.

## II. JURISDICTION AND VENUE

2.1 Plaintiff re-alleges the facts set forth in paragraphs 1.1 through 1.11 above and incorporates the same as if stated fully herein, and further alleges as follows:

2.2 This Court has jurisdiction over this matter pursuant to RCW 4.12.010 because the real property that is the subject of this lawsuit is located within Spokane County, Washington, and because the defective work, unit marketing and sales, business, real estate/property management, declarant control, property damage, and/or other tortious and/or



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

non-tortious acts and/or failures to act caused by all defendants and giving rise to their liability in this matter occurred, and the relevant contracts were entered into and performed in Washington State. Additionally, one or more of the Defendants have their principal place of business in, reside in, and/or are domiciled in Washington State.

2.3 Venue is proper pursuant to RCW 4.12.025(3) because the Project is located within the City of Spokane, Spokane County, Washington, and the defective work, unit marketing and sales, business, real estate/property management, declarant control, property damage, and/or other tortious and/or non-tortious acts and/or failures to act caused by the defendants and giving rise to their liability in this matter occurred, and the relevant contracts were entered into and performed in Spokane County, Washington. Additionally, one or more of the defendants do business in, reside in, and/or are domiciled in Spokane County, Washington.

## III. BACKGROUND FACTS

3.1 Plaintiff re-alleges the facts set forth in paragraphs 1.1 through 2.3 above and incorporates the same as if stated fully herein, and further alleges as follows:

3.2 The Ridge is a 136 unit conversion condominium complex located at 178 S. Coeur d'Alene Street, in Spokane, Washington.

3.3 HOF purchased the Project in April 2005.

3.4 Upon information and belief, HOF-Properties, Hudson and Manchester provided the financing for the purchase of the Project by HOF and also provided funds for the conversion of the 136 apartment units into condominiums.

3.5 HOF acted as the declarant for the Project and managed or assisted in the management of the conversion of the apartments into condominiums and sold the units to other Association members beginning in September 2005. Other HOF Defendants participated in, assisted with and/or controlled HOF in this role.

3.6 Manchester managed and operated the Project originally as apartments after the purchase, then during the condominium conversion and for the entire duration the declarant-



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

controlled Board operated and managed the Association and possibility for some period of time thereafter.

3.7 Wilson signed the Ridge POS for the Project in his capacity as Asset Manager for the declarant, HOF.

3.8 The Ridge POS was hurriedly drafted and then issued on or about July 29, 2005 to avoid the more comprehensive disclosure requirements, inspections and building envelope testing required after August 1, 2005.

3.9 The Association was created on August 1, 2005.

3.10 HOF appointed Wilson per the filed Articles of Incorporation for the Association and, upon information and belief, may have also appointed Doe I and Doe II to act as the offices and directors of the Board. At all relevant times, Wilson, and Doe I and Doe II, if appointed, were acting as agents of HOF and/or other HOF Defendants.

3.11 HOF and Manchester engaged various consultants, contractors and engineers to assist with the condominium conversion. The conversion work began on the project in approximately June 2005 and was on-going.

3.12 The first conveyance of a unit to non-declarant controlled owners occurred approximately September 2005 and units continued to be conveyed out from HOF through late 2007.

3.13 Upon information and belief, Wilson still owns a unit in his individual capacity within The Ridge.

## IV. FIRST CAUSE OF ACTION—AGAINST HOF DEFENDANTS FOR BREACH OF IMPLIED WARRANTIES, INCLUDING WARRANTY OF SUITABILITY, UNDER THE WASHINGTON CONDOMINIUM ACT

4.1 Plaintiff re-alleges the facts set forth in paragraphs 1.1 through 3.13 above and incorporates the same as if stated fully herein, and further alleges as follows:



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

4.2 Pursuant to RCW 64.34.445 of the Washington Condominium Act ("WCA"), the declarant warrants that the quality of the units and common elements in the condominium conveyed to purchasers are suitable for the ordinary uses of real estate of its type and that any improvements made by declarant are: (a) free from defects, (b) constructed in accordance with sound engineering and construction standards, (c) constructed in a workmanlike manner, and (d) that the units may be used for residential uses.

4.3 The implied warranties described below in Paragraph 4.2 above, "run with the land," and extend to original and subsequent unit purchasers, and were made for both their benefit and for the benefit of the Association.

4.4 HOF Defendants breached their implied warranties to the Association and its members as a result of serious and systemic violations of applicable building codes and wide-spread defects in the roofs and materials, design, installation, construction, and/or repair of the Project's building envelope and underlying weather resistive barrier/weather-proofing systems, wall vents and drains, lanais, and other defects/defective work that have caused and continue to cause substantial adverse effects including water and moisture intrusion and resultant property damage to exterior and interior building components. Additionally, some of the defects at issue have created conditions that constitute life safety/health hazards and structural instability hazards resulting from HOF Defendants' unauthorized conversion of common elements of the Association and possible removal of structural support beams as part of the conversion work that was performed. The aforementioned building code violations and other defective construction, resultant water and moisture intrusion, and other property damage that exist in the various common elements and other components of the Project relate to and arise out of the physical condition of the Project and have rendered the common elements and other components unsuitable for their ordinary use. Moreover, the aforementioned defective and damaged building components that relate to and arise out of the physical condition of the Project have also rendered the Condominium as a whole unsuitable for the ordinary use of real estate of its type.



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

4.5 As a direct and proximate result of the breaches of the implied warranties and consequential property damage described above, the Association and its members have been damaged in an amount to be proved at trial. Such damages include, among other things, the cost of repairing the defects and resulting damages, including the necessary investigative costs and repair scope and cost of repair estimate development costs, and the loss of use suffered by unit owners as a result of the defects and resulting damages and their repair, relocation expenses and diminution in market value of the units and Project as whole. Additionally, pursuant to RCW 64.34.455, the Association is entitled to its reasonable attorneys' fees and all other costs/expenses incurred in investigating and prosecuting this action.

## V. SECOND CAUSE OF ACTION – AGAINST HOF DEFENDANTS FOR BREACH OF PURCHASE AND SALE AGREEMENT CONTRACTS

5.1 Plaintiff re-alleges the facts set forth in paragraphs 1.1 through 4.5 above and incorporates the same as if stated fully herein, and further alleges as follows:

5.2 HOF Defendants sold the units, limited common elements and common elements of the Project through purchase and sale agreement contracts with unit purchasers. The purchase and sale agreement contracts used by HOF Defendants for unit sales were unconscionable within the meaning of RCW 64.34.080 at the time they were entered into. Notwithstanding their unconscionability, a fundamental term of the purchase and sale agreements was that the entire Project was constructed in accordance with applicable building codes and industry standards, that it was otherwise free from defects and physical hazards, and it was suitable for its intended purpose and habitable.

5.3 The contracts provide that HOF Defendants were required to disclose known adverse material facts affecting the Property that are not apparent or readily ascertainable. HOF and other HOF Defendants, through their members, representatives and agents, were on notice of claims by the apartment residents of defects in construction relating to and arising out of the



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

physical condition of the Project and the need for, and cost of, repairs needed to the Project prior to, during and after the conversion of the Project which the HOF Defendants failed to disclose.

5.4 HOF Defendants owed the aforementioned contractual obligations, and the duty of good faith in the performance and enforcement of the contracts pursuant to RCW 64.34.090, to each and every unit purchaser. HOF Defendants breached those duties by selling defectively constructed units, limited common elements and common elements in violation of the applicable building codes and industry standards, that were otherwise defective, constitute physical hazards, and are not habitable or suitable for their ordinary residential uses.

5.5 As a direct and proximate result of the breaches of contract described above, unit owners and the Association have been damaged in an amount to be proved at trial. Such damages include, among other things, the cost of repairing the defects and resulting damages, including the necessary investigative costs and repair scope and cost of repair estimate development costs, and the loss of use suffered by unit owners as a result of the defects and resulting damages and their repair, relocation expenses, consequential damages, diminution in market value of the units and Project as whole, and all other damages that flow naturally from the breaches. Additionally, pursuant to Paragraph 14(h) of the purchase and sale contracts used for unit sales, the Association is entitled to its reasonable attorneys' fees and all other costs/expenses incurred in investigating and prosecuting this action.

## VI. THIRD CAUSE OF ACTION – AGAINST MANCHESTER, WILSON AND OTHER HOF DEFENDANTS FOR NEGLIGENT PROPERTY/REAL ESTATE MANAGEMENT

6.1 Plaintiff re-alleges the facts set forth in paragraphs 1.1 through 5.5 above and incorporates the same as if stated fully herein, and further alleges as follows:

6.2 For a period of time after the purchase of the Project by HOF and during the period of declarant control of the Association, Manchester assumed and performed property/real estate management duties for the Association and its members, and in that capacity, was



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

responsible for the management, control, supervision and maintenance of the Project. Upon information and belief, Wilson and/or other HOF Defendants were the alter ego of Manchester as Manchester was wholly owned and controlled and/or managed by Wilson and/or other HOF Defendants who acted in concert with Wilson; and, as such, the property/real estate management duties at the Ridge were under the control of not only Manchester but Wilson and/or other HOF Defendants.

6.3 The HOF Defendants breached their management duties by, including but not limited to, failing to disclose and/or making misrepresentations to the Association and its members regarding: (a) the conflicts of interest some or all of the HOF Defendants had in being the declarants/sellers/warrantors of the Project and the Project's property manager; (b) the existence of serious and wide spread building code violations and other defective construction, resultant property damage and physical hazards at the Project relating to and arising out of the physical condition of the Project; (c) the financial interest Manchester, Wilson and/or other HOF Defendants had in not making the necessary defect and damage repairs at the Project and in concealing the defects and damage from the Association and unit owners in an effort to save money; (d) the inadequacy of the Association's budget created by HOF Defendants and included in the Ridge POS; (e) that the HOF Defendants were distributing assets from HOF and possibly other HOF Defendants to others without leaving any assets in reserves to make necessary repairs and replacements to the detriment of the unit owners; (f) the legal rights of the Association and its members regarding defective construction and the control, management, maintenance and repair responsibilities of Manchester, Wilson and/or the other HOF Defendants and the Association; and (g) by failing to properly inspect, maintain and repair the Project.

6.4 As a result of the aforementioned breaches of duty, property damage has occurred at the Project, is currently occurring, and will continue to occur.

6.5 As a direct and proximate result of the breaches of duty and property damage described above, the Association and its unit owner members have been damaged in an amount



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

to be proved at trial. Such damages include, among other things, the cost of repairing the defects and resulting damages, including the necessary investigative costs and repair scope and cost of repair estimate development costs, and the loss of use suffered by unit owners as a result of the defects and resulting damages and their repair, relocation expenses, diminution in market value of the units and Project as whole, consequential damages, and any and all other foreseeable damages.

## VII. FOURTH CAUSE OF ACTION – AGAINST WILSON, DOE I AND DOE II AND OTHER HOF DEFENDANTS, FOR BEACH OF FIDUCIARY DUTY

7.1 Plaintiff re-alleges the facts set forth in paragraphs 1.1 through 6.5 above and incorporates the same as if stated fully herein, and further alleges as follows:

7.2 Pursuant to the WCA and the Declaration, the Association acting through the Board is responsible for repairing, maintaining and replacing the common elements, limited common elements and other Association property located in and on the Project, and for repairing, replacing and restoring damage to the Project which is owned and occupied by the unit owners.

7.3 For a period of time, representatives of HOF Defendants, including Wilson, and upon information and belief, Doe I and Doe II served as the declarant-appointed officers and directors of the Association. During that period of time, pursuant to RCW 64.34.308 and the Declaration, HOF Defendants and their aforementioned representatives, including Wilson and Doe I and Doe II, owed a fiduciary duty of care to the Association and its unit owners and were required at all times to act on their behalf, in their best interests, in good faith and in accordance with the terms of the Declaration, the terms of which were drafted by HOF.

7.4 The Association is informed and believes, and on that basis, alleges that HOF is an alter ego of HOF Properties and/or Manchester and/or Hudson which are alter egos of one another and that their separate corporate form should be disregarded for the following reasons: (a) the liability-causing activity at issue did not occur only for the benefit of HOF; (b) HOF has



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

been "gutted" and left without funds by the other HOF Defendants controlling it in order to avoid actual or potential liability; (c) HOF was inadequately capitalized and maintained insubstantial assets and was merely a hollow-shell entity created by HOF Defendants, grossly under-funded, and then gutted; (d) HOF was used by other HOF Defendants purely as a "front company" to serve as "paper declarants" for the Project and as unit sellers; (e) prior to the conclusion of the Project, HOF was drained of any and all assets and deliberately left with no money to honor obligations owed to project unit purchasers and to the Association; (f) HOF was a "shell," an "artificial corporate device," and a "hollow instrument or conduit" for conducting a single venture or business and was "puppeteered," directed and controlled by the other HOF Defendants solely for the purpose of maximizing profit, averting legitimate claims and minimizing liability with respect to the single venture or business; (g) HOF's allegedly separate shell entity form was intentionally used by the other HOF Defendants to violate or evade duties and/or other legal obligations owed to the Association and its unit owner members; (h) HOF Defendants may have commingled funds and other assets; (i) the equitable ownership of HOF was in the same entity or individual as one or more of the other HOF Defendants and they shared the same members, directors, officers and supervising employees; (j) the HOF Defendants failed to maintain arms' length relationships with each other; and (k) it would be unjust and inequitable to allow the HOF Defendants to use their allegedly separate corporate status as a shield to insulate them from liability for their obligations owed to the Association and the unit owners.

7.5 Wilson, Doe I and Doe II and the other HOF Defendants in their actions as the declarant-controlled Board or in controlling the declarant-controlled Board or its appointed officers and directors acting as agents breached their fiduciary duties by intentionally and/or knowingly and/or in bad faith engaging in the following acts and/or omissions solely for the purpose of their own financial gain and in opposition to the best interests of the Association and all unit owners:



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

(a) not disclosing to the Association and unit owners the existence of construction defects and resulting property damage at the Project, including but not limited to, the dire condition of the roofs and continued roof leaks, and new leaks, water intrusion issues, defects in the stucco system and/or repairs to the stucco system and plugged drains and weep holes in the unit lanais all relating to and arising out of the physical condition of the Project;

(b) not disclosing to the Association and unit owners the financial interest HOF Defendants, Wilson, Doe I and Doe II had in not making the necessary defect and damage repairs at the Project or providing adequate maintenance thereof;

(c) not disclosing to the Association and unit owners the conflicts of interest some or all of the HOF Defendants, Wilson and Doe I and Doe II had in being the declarants/sellers/warrantors of the Project and in governing, operating and controlling the Association and being responsible for the Project's management, maintenance, replacement and repair;

(d) not replacing and/or repairing defective construction and related property damage relating to and arising out of the physical condition of the Project during the period of declarant control and instead passing that financial obligation and the resulting property damage onto the Association and its members;

(e) understating or underestimating the necessary replacement reserves in the Association's budget needed for the replacement and/or repair of defective construction and related property damage at the Project and otherwise not providing funding for the same;



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

(f) not disclosing to the Association and the unit owners that assets were being distributed from HOF, and perhaps other HOF Defendants, to other entities and/or individuals; and

(g) not disclosing to the Association and the unit owners the inadequacy of the Association budget created by HOF Defendants and included in the Ridge POS which failed to provide sufficient funds for replacement reserves necessary for the operation, maintenance and repairs for the Project.

7.6 HOF Defendants, Wilson, Doe I and Doe II and/or other agents and/or employees were responsible for and caused the preparation of the Declaration, were fully aware of its terms, including but not limited to, the terms pertaining to their fiduciary duties as declarant-appointed officers and directors to the Association and its members, their duties to at all times act on behalf of the Association, in its best interests and in good faith, the Association's maintenance, repair and replacement duties and obligations, including the duty to either disclose to potential purchasers the present physical condition of the property at The Ridge or, in the alternative, to provide an adequate budget with a sufficient reserve funds to cover the cost of repair and replacement of common elements at the end of their useful life, including but not limited to, the adequate repair and/or replacement of the roofs. Despite being so informed, HOF Defendants, Wilson, Doe I and Doe II intentionally and/or knowingly and/or in bad faith breached their fiduciary duties by failing to comply with the very terms of the Declaration HOF Defendants were responsible for creating and recording.

7.7 HOF Defendants, Wilson, Doe I and Doe II breached their fiduciary duties by governing, operating and controlling the Association and managing the Project intentionally and/or knowingly and/or in bad faith in such a manner that they repeatedly placed their interests over the interests of the Association and its members in order to avoid their duties and responsibilities to make defect and property damage repairs to the Project relating to and arising from the physical condition of the Project and to avoid having to provide funding to the



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

Association for the same and by instead passing that substantial financial obligation for unknown repairs onto the unsuspecting unit owners and the Association.

7.8 As a result of the intentional and/or knowing and/or bad faith acts and omissions described above, property damage to the Project has occurred, is currently occurring, and will continue to occur.

7.9 As a direct and proximate result of the breaches of fiduciary duty and consequential property damage described above, the Association and its unit owner members have been damaged in an amount to be proved at trial. Such damages include, among other things, the cost of repairing the defects and resulting damages, including the necessary investigative costs and repair scope and cost of repair estimate development costs, and the loss of use suffered by unit owners as a result of the defects and resulting damages and their repair, relocation expenses, diminution in market value of the units and Project as whole, consequential damages, and any and all other foreseeable damages. Additionally, pursuant to RCW 64.34.455 and/or the Declaration, the Association is entitled to its reasonable attorneys' fees and all other costs/expenses incurred in investigating and prosecuting this action.

## VIII. FIFTH CAUSE OF ACTION – AGAINST HOF DEFENDANTS FOR LIABILITY UNDER RCW 64.34.344 AND THE DECLARATION

8.1 Plaintiff re-alleges the facts set forth in paragraphs 1.1 through 7.9 above and incorporates the same as if stated fully herein, and further alleges as follows:

8.2 Under RCW 64.34.344 and the Declaration, declarants are liable for their torts in connection with any part of the Condominium which they have the responsibility to maintain, and are liable for any and all breaches of contract and other wrongful acts committed during their control of the Association and/or ownership of units in the Project.

8.3 During the period of declarant control of the Association and ownership of the Project or a portion thereof, HOF Defendants had the duty and responsibility by statute and the Declaration to repair, maintain and replace the common elements and limited common elements



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

and other unit owner property located in and on the Project, and to repair, replace and restore damage to the Project. HOF Defendants also had the duty to properly inspect the Project and disclose to the Association and unit owners the existence of construction defects and damage at the Project and to repair the same and/or provide funding for the same, which they negligently and otherwise tortiously failed to do. Manchester, Wilson and other HOF Defendants breached their duties owed to the Association and the unit owners while serving as property/real estate managers and/or controlling the property/real estate managers of the Project. As a result, property damage to the Project has occurred that relates to and arises out of the physical condition of the Project, and is currently occurring, and will continue to occur.

8.4 As a direct and proximate result of the tortious and otherwise wrongful acts and/or failures to act and consequential property damage described above, the Association and its members have been damaged in an amount to be proved at trial. Such damages include, among other things, the cost of repairing the defects and resulting damages, including the necessary investigative costs and repair scope and cost of repair estimate development costs, and the loss of use suffered by unit owners as a result of the defects and resulting damages and their repair, relocation expenses, diminution in market value of the units and the Project as a whole, consequential damages, any and all other foreseeable damages. Pursuant to RCW 64.34.455 and/or the Declaration, the Association is entitled to its reasonable attorneys' fees and all other costs/expenses incurred in investigating and prosecuting this action.

## IX. SIXTH CAUSE OF ACTION – AGAINST HOF DEFENDANTS AND WILSON FOR VIOLATION OF THE CONSUMER PROTECTION ACT

9.1 Plaintiff re-alleges the facts set forth in paragraphs 1.1 through 8.4 above and incorporates the same as if stated fully herein, and further alleges as follows:

9.2 This Consumer Protection Act ("CPA") claim is being made against the HOF Defendants and Wilson individually to the extent he participated in wrongful conduct by HOF Defendants, collectively and/or individually, that violated the CPA, or with knowledge approved



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

of the wrongful conduct. *State v. Ralph Williams' North West Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 553 P.2d 423 (1976).

9.3 RCW 19.86.020 makes it unlawful for any "person" to engage in unfair or deceptive acts or practices in trade or commerce. Pursuant to RCW 19.86.010, "person" includes natural persons, corporations, trusts, unincorporated associations and partnerships. The CPA applies to prohibited conduct that takes places *before, during and after sale activities*, and may be violated by a failure to disclose facts material to a sales transaction, as well as other unfair or deceptive acts or practices involving marketing and sales. A CPA violation exists if the following occurs: (a) an unfair or deceptive act or practice, which (b) occurred in trade or commerce, (c) impacted a public interest, (d) injured the business or property of another, and (e) was causally related to the injury. A claimant need not show that the act was intended to deceive, but only that the alleged act had the capacity to deceive a substantial portion of the public. ✓

9.4 A seller's duty to disclose material facts has been recognized in real estate transactions, and a seller's withholding from buyers facts material to the sale of real estate, including the existence of known construction defects or any other facts adversely affecting the subject property, violates the CPA. *Griffith v. Centex Real Estate Corp.*, 93 Wn. App. 202, 211, 969 P.2d 486 (1998). HOF Defendants and Wilson owed the aforementioned duty to each and every one of the 136 unit owners, to the Association and to the public at large.

9.5 HOF Defendants advertised nationally on their website www.theridgespokane.com and possibly others and through various other advertising media, *including United States mail*, such things as, "[t]he most successful and exciting condominium development in Spokane . . ." They also advertised "[a]menities in the complex include an elegant club house, an outdoor pool, beautifully landscaped grounds, guest parking, an on-site maintenance. Person available to carry your groceries . . ."



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

9.6 The Association is informed and believes, and on that basis alleges, that HOF Defendants and Wilson knowingly conspired to and did devise and implement a business plan to obtain money by means of false, fraudulent, unfair and deceptive pretenses, representations, promises, and failures to disclose. That unlawful plan was based on converting a knowingly defective and damage ridden apartment complex HOF Defendants owned and operated into condominiums for sale, and to maximize HOF Defendants, Wilson and perhaps other related entities and/or individuals' financial gain by: (a) either not repairing known construction defects and resultant water intrusion-caused physical damage in the Project they converted and sold or by performing grossly inadequate "band-aid" repairs of some of the defective conditions or otherwise concealing the conditions as part of "the cover up and sell" scheme; (b) failing to disclose to and actively deceiving the inspectors hired by the HOF Defendants to conduct the inspections statutorily required for condominium conversion projects and the real estate agents hired to market and sell the units the true quality and condition of the construction and the habitability of the projects; and (c) including in the Ridge POS "rubber stamped" reports made on HOF Defendants' behalf that failed to disclose known construction defects and resultant property damage at the Project and that misstate with the intent to deceive potential unit purchasers the true condition of the Project. HOF Defendants' and Wilson's implementation of the aforementioned unlawful plan for their Project for purposes of financial gain included pre, during and post unit sale activity.

9.7 HOF Defendants, by and through Wilson and Manchester, operated and managed the Ridge as an apartment before they converted it to a condominium, and during that time and subsequently, were aware of serious, wide-spread construction defects, water intrusion and other property damage including multiple water leaks in the existing roofs that related to and arose from the physical condition of the Project. In part, the HOF Defendants were aware of the serious defect related problems at the Project because of the complaints they received from apartment renters regarding the same during the time they managed the Project as an apartment



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

before it was converted to condominiums. Multiple unit owner surveys and related documents contain references to such complaints. A significant number of units contained existing evidence of water intrusion and leaking in the ceilings and walls of units. The HOF Defendants made representations to purchasers that any leaks would be repaired as well as the interiors of the units. Following the purchase of many units, the water leaks continued, in some cases shortly after the sale of the unit, because the leaks were not repaired or not adequately repaired. The HOF Defendants also made many representations to prospective purchasers and owners that the roofs had been replaced and were "new" or of "like new quality" by Wilson and other agents of the HOF Defendants. The HOF Defendants made representations to owners that the drainage problems with their lanais would be repaired and the lanais would be resurfaced. The clogged wall vents and drains and other exterior drainage problems were either not repaired and/or were not adequately repaired and the resurfacing failed almost immediately. The HOF Defendants made representations to purchasers that the carports would be repaired and the parking lots would be resurfaced, neither of which ever occurred.

9.8 The HOF Defendants and their agents inadequately performed defect, resultant damage and/or other repair work at the Project before, during and after the conversion process. Such work was completed in locations where obviously defective construction conditions and resultant water intrusion-caused property damage already existed. HOF Defendants knew or should have known of the defective condition of the dilapidated roofs and the deteriorating lanais due to the water intrusion that had occurred and was continuing to occur as a result, and the haphazard cheap fixes to roofs, building paper, sheathing, flashings, windows, vent ducting, site drains, and the interiors of units, evidencing their knowledge of defective construction conditions and resultant water intrusion and other property damage at those locations to a related to or arose from the physical condition of the Project.

9.9 In implementing their unlawful business plan for the condominium conversion at the Ridge, HOF Defendants violated the CPA as above-described by, including but not limited



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

to, the following: (a) advertising and offering condominium units for sale to the public and failing to disclose to unit purchasers and prospective unit purchasers the existence of the known construction defects, including building code violations, and known resultant property damage at the Project; (b) falsely representing to unit purchasers and prospective unit purchasers that there were no known physical hazards at the Project; (c) falsely representing to unit purchasers and prospective unit purchasers that all structural components and mechanical systems of all buildings were substantially completed; (d) falsely representing to unit purchasers and prospective unit purchasers that the Project is in good condition and well maintained; (e) falsely representing to unit purchasers and prospective unit purchasers that the workmanship is good and the materials used were appropriate and suitable for their intended purpose; (f) falsely representing the cost to repair the Project; (g) failing to disclose to the Association and to unit owners the conflicts of interest HOF Defendants had in being the declarants/sellers/warrantors of the Project and the Project's property manager and the controller of the Association's Board of Directors; (h) failing to disclose to the Association and to unit owners the financial interest HOF Defendants had in not making the necessary defect and damage repairs at the Project and in concealing the defects and damages from the Association and unit owners in an effort to save money and avoid claims during the time they managed the Project and controlled the Association; (i) deliberately misrepresenting HOF as a real, ongoing, viable company when in fact it was merely a shell front company for the other HOF Defendants; (j) deliberately misrepresenting that units were being sold "as is" when in fact the units, limited common elements and common elements were warranted as provided in the WCA and other applicable law; and (k) grossly understating in the Association's initial budget contained in the Ridge POS the reserve funds needed to properly repair and maintain the Project. HOF Defendants further violated the CPA by failing to disclose to the Association that assets were being distributed from HOF, and perhaps other HOF Defendants, to other entities and/or individuals, and that as a result, HOF was being rendered insolvent and/or financially unable to properly respond to



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

Association and/or unit owner claims. The aforementioned unlawful actions and failures to act by the HOF Defendants did in fact deceive a substantial portion of the public at large, and are capable of repetition in Washington. The CPA violations of the HOF Defendants have caused injury and continue to cause injury to the Association, its unit owner members and the public at large.

9.10 As a direct and proximate result of the CPA violations described above, the unit owners and the Association have been damaged in an amount to be proved at trial. Such damages include, among other things, the cost of repairing the defects and resulting damages, including the necessary investigative costs and repair scope and cost of repair estimate development costs, and the loss of use suffered by unit owners as a result of the defects and resulting damages and their repair, relocation expenses, diminution in market value of the units and Project as whole, consequential damages, and any and all other foreseeable damages. Additionally, pursuant to RCW 19.86.090, the Association is entitled to its reasonable attorneys' fees and all other costs/expenses incurred in investigating and prosecuting this action. Moreover, each and every one of the 136 Project unit owners on whose behalf the Association has instituted this action is entitled to an award of a minimum of $10,000 per unit in treble damages.

## X. SEVENTH CAUSE OF ACTION – AGAINST HOF DEFENDANTS FOR LIABILITY UNDER RCW 64.34.405, 64.34.410 AND 64.34.415

10.1 Plaintiff re-alleges the facts set forth in paragraphs 1.1 through 9.10 above and incorporates the same as if stated fully herein, and further alleges as follows:

10.2 Pursuant to RCW 64.34.405(3), "[a] declarant or dealer shall be liable for any misrepresentation contained in the public offering statement or for any omission of material fact therefrom if the declarant or dealer had actual knowledge of the misrepresentation or omission *or, in the exercise of reasonable care, should have known* of the misrepresentation or omission.

10.3 Pursuant to RCW 64.34.410(1)(y), a public offering statement shall include "[a] list of any physical hazards known to the declarant which particularly affect the condominium or



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

50981376.4

the immediate vicinity in which the condominium is located and which are not readily ascertainable by the purchaser."

10.4 Pursuant to RCW 64.34.415(1)(a), "[t]he public offering statement of a conversion condominium shall contain, in addition to the information required by RCW 64.34.410, [e]ither a copy of a report prepared by an independent, licensed architect or engineer, or a statement by the declarant based on such report, which report or statement describes, to the extent reasonably ascertainable, the present condition of all structural components and mechanical and electrical installations material to the use and enjoyment of the condominium.

10.5 Pursuant to RCW 64.34.405, HOF Defendants are liable for misrepresentations in the Ridge POS, including but not limited to, the following: (a) their misrepresentation that there were no physical hazards at the Project despite the existence of serious and systemic construction defects, including defects in weather-proofing, and resultant water intrusion and moisture damage related to and arising from the physical condition of the Project, and hazardous conditions created by modifications to the Project approved by HOF Defendants, which were known to them and which were therefore required to be disclosed under RCW 64.34.410; (b) their failure to provide a report by an independent, licensed architect or engineer based on an inspection of the Project that *reasonably* ascertained the condition of all structural components and mechanical and electrical installations material to the use and enjoyment of the Condominium, and instead providing a report based on a grossly inadequate and unreasonable or incomplete inspections; (c) their misrepresentations that all structural components and mechanical systems of all buildings are substantially completed, that the Project is in good condition, well maintained, and that the workmanship is good and the materials used were appropriate and suitable, for their intended purpose; and (d) their misrepresentations about the cost to operate and repair and maintain the Project. Had the Ridge POS not contained the aforementioned negligent misrepresentations, the Association and its unit owner members would have been able to avert property damage that occurred and is currently occurring as a result.



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

10.6 As a direct and proximate result of the misrepresentations described above, the unit owners and the Association have been damaged in an amount to be proved at trial. Such damages include, among other things, the cost of repairing the defects and resulting damages, including the necessary investigative costs and repair scope and cost of repair estimate development costs, and the loss of use suffered by unit owners as a result of the defects and resulting damages and their repair, relocation expenses, diminution in market value of the units and Project as whole, consequential damages, and any and all other foreseeable damages. Additionally, pursuant to the Declaration, the Association is entitled to its reasonable attorneys' fees and all other costs/expenses incurred in investigating and prosecuting this action and for attorney's fees and any costs/expenses incurred in other matters related to the HOF Defendants' breaches and violations.

## XI. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

11.1 Against HOF Defendants collectively, and each of them, for damages and/or equitable relief according to proof for:

(a) Breach of Implied Warranties including the Warranty of Suitability under the WCA;

(b) Breach of Purchase and Sale Agreement Contracts;

(c) Negligent Property/Real Estate Management;

(d) Breach of Fiduciary Duty;

(e) Liability under RCW 64.34.344 and the Declaration;

(f) Violation of the CPA, including treble damages of a minimum amount per unit for each and every one of the 136 Project unit owners,

(g) Liability under RCW 64.34.405, 64.34.410 and 64.34.415;

(h) Awarding the Association costs and attorney fees incurred in this action; and



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

(i) Awarding the Association any additional or further relief, which the court finds equitable, appropriate or just.

11.2 Against Wilson individually for damages and/or equitable relief according to proof for:

(j) Negligent Property/Real Estate Management;

(k) Breach of Fiduciary Duty; and

(l) Violation of the CPA, including treble damages of a minimum amount per unit for each and every one of the 136 Project unit owners;

(m) Awarding the Association costs and attorney fees incurred in this action; and

(n) Awarding the Association any additional or further relief, which the court finds equitable, appropriate or just.

11.3 Against Doe I and Doe II individually for damages and/or equitable relief according to proof for:

(o) Breach of Fiduciary Duty.

(p) Awarding the Association costs and attorney fees incurred in this action; and

(q) Awarding the Association any additional or further relief, which the court finds equitable, appropriate or just.

DATED this 26th day of May, 2009.

FOSTER PEPPER PLLC

John R. Nelson, WSBA #16393
Gregory A.V. Clark, WSBA #28832
Kellie Gronski, WSBA #38848
Attorneys for Plaintiff



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700