**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WASHINGTON CHANGES

For a covered "auto" licensed or principally garaged in, or for "garage operations" conducted in, Washington, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. The Employee Indemnification And Employer's Liability Exclusion applies only to "bodily injury" to any "employee" of the insured whose employment is not subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

   With respect to "bodily injury" to "employees" of the insured whose employment is subject to the Industrial Insurance Act of Washington, the **Employee Indemnification And Employer's Liability** Exclusion is replaced with the following:

   This insurance does not apply to "bodily injury" to:

   **a.** An "employee" of the insured arising out of and in the course of:

   **(1)** Employment by the "insured"; or

   **(2)** Performing duties related to the conduct of the "insured's" business; or

   **b.** Any obligation to share damages with or repay someone else who must pay damages because of the injury.

   This exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the insured under an "insured contract". A domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

2. The **Liquor Liability** Exclusion in the Garage Coverage Form is replaced by the following:

   **17. Liquor Liability**

   "Bodily injury" or "property damage" for which an "insured" may be held liable by reason of:

   **a.** Causing or contributing to the intoxication of any person;

   **b.** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

   **c.** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

   This exclusion applies only if you are the owner or lessor of premises that are used in part for the following purposes:

   **(1)** Serving or furnishing alcoholic beverages for a charge whether or not such activity:

   **(a)** Requires a license; or

   **(b)** Requires a banquet permit, as permit is defined in Wash. Rev. Code Ann. Sec. 66.04.010 (19); or

   **(c)** Is for the purpose of financial gain or livelihood; or

   **(2)** Serving or furnishing alcoholic beverages without a charge, if:

   **(a)** A license is required for such activity; or

 © ISO Properties, Inc., 2003 

(b) A banquet permit, as permit is defined in Wash. Rev. Code Ann. Sec. 66.04.010 (19), is required for such activity.

**B. Changes In Physical Damage Coverage**

1. The lead-in to Paragraph **B.1.** is replaced by the following:

   We will not pay for "loss" caused directly or indirectly by any of the following:

2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality is replaced by the following, and supersedes any provision to the contrary:

   3. We may deduct for betterment for parts normally subject to repair and replacement during the useful life of the "auto". In this event, deductions shall be limited to the lesser of:

      a. An amount equal to the proportion that the expired life of the part to be repaired or replaced bears to the normal useful life of that part; or

      b. The amount which the resale value of the "auto" is increased from the repair or replacement.

3. The following is added to Paragraph **C. Limit Of Insurance:**

   We will not pay for a loss which is paid under Underinsured Motorists Coverage.

**C. Changes In Conditions**

1. The **Appraisal For Physical Damage Loss** Condition is replaced by the following:

   **APPRAISAL FOR PHYSICAL DAMAGE LOSS**

   If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraisal and umpire equally.

   Neither we nor you shall be held to have waived any rights by any act relating to appraisal.

2. The **Transfer Of Rights Of Recovery Against Others To Us** Condition is replaced by the following:

   a. If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us for that payment. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

   b. We are entitled to a recovery only after the person or organization has been fully compensated for damages by another party.


© ISO Properties, Inc., 2003

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WASHINGTON CHANGES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Exclusion **e.** of Coverage **A** – Bodily Injury And Property Damage Liability (Section **I** – Coverages) applies only to "bodily injury" to any "employee" of the insured whose employment is not subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

With respect to "bodily injury" to "employees" of the insured whose employment is subject to the Industrial Insurance Act of Washington, Exclusion **e.** is replaced with the following:

This insurance does not apply to:

**1.** "Bodily injury" to an "employee" of the insured arising out of and in the course of:

**a.** Employment by the insured; or

**b.** Performing duties related to the conduct of the insured's business; or

**2.** Any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

**B.** Paragraphs **2.a.(1)(a), (b)** and **(c)** of Section **II** – Who Is An Insured apply only to "employees" of the insured whose employment is not subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

With respect to "employees" of the insured whose employment is subject to the Industrial Insurance Act of Washington, Paragraph **2.a.(1)** of **Section II – Who Is An Insured** is replaced with the following:

**2.** Each of the following is also an insured:

**a.** Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:

**(1)** "Bodily injury" or "personal and advertising injury":

**(a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while that co-"employee" is either in the course of his or her employment or performing duties related to the conduct of your business;

**(b)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph **(1)(a)** above; or

**(c)** Arising out of his or her providing or failing to provide professional health care services.

 Copyright, Insurance Services Office, Inc., 1997 

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# STOP GAP – EMPLOYERS LIABILITY COVERAGE ENDORSEMENT – WASHINGTON

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SCHEDULE**

| **Limits Of Insurance** | | | |
|---|---|---|---|
| Bodily Injury By Accident | $ | 500,000 | Each Accident |
| Bodily Injury By Disease | $ | 500,000 | Aggregate Limit |
| Bodily Injury By Disease | $ | 500,000 | Each Employee |

(If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A.** The following is added to **Section I – Coverages:**

**COVERAGE – STOP GAP – EMPLOYERS LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated by Washington Law to pay as damages because of "bodily injury by accident" or "bodily injury by disease" to your "employee" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any accident and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in **Section III – Limits Of Insurance;** and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under this coverage.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

**b.** This insurance applies to "bodily injury by accident" or "bodily injury by disease" only if:

**(1)** The:

**(a)** "Bodily injury by accident" or "bodily injury by disease" takes place in the "coverage territory";

**(b)** "Bodily injury by accident" or "bodily injury by disease" arises out of and in the course of the injured "employee's" employment by you; and

**(c)** "Employee", at the time of the injury, was covered under a worker's compensation policy and subject to a "workers compensation law" of Washington; and

**(2)** The:

**(a)** "Bodily injury by accident" is caused by an accident that occurs during the policy period; or

 © ISO Properties, Inc., 2003 

(b) "Bodily injury by disease" is caused by or aggravated by conditions of employment by you and the injured "employee's" last day of last exposure to the conditions causing or aggravating such "bodily injury by disease" occurs during the policy period.

c. The damages we will pay, where recovery is permitted by law, include damages:

(1) For:

(a) Which you are liable to a third party by reason of a claim or "suit" against you by that third party to recover the damages claimed against such third party as a result of injury to your "employee";

(b) Care and loss of services; and

(c) Consequential "bodily injury by accident" or "bodily injury by disease" to a spouse, child, parent, brother or sister of the injured "employee";

provided that these damages are the direct consequence of "bodily injury by accident" or "bodily injury by disease" that arises out of and in the course of the injured "employee's" employment by you; and

(2) Because of "bodily injury by accident" or "bodily injury by disease" to your "employee" that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

**2. Exclusions**

This insurance does not apply to:

**a. Intentional Injury**

"Bodily injury by accident" or "bodily injury by disease" intentionally caused or aggravated by you, or "bodily injury by accident" or "bodily injury by disease" resulting from an act which is determined to have been committed by you if it was reasonable to believe that an injury is substantially certain to occur.

**b. Fines Or Penalties**

Any assessment, penalty, or fine levied by any regulatory inspection agency or authority.

**c. Statutory Obligations**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**d. Contractual Liability**

Liability assumed by you under any contract or agreement.

**e. Violation Of Law**

"Bodily injury by accident" or "bodily injury by disease" suffered or caused by any employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your "executive officers".

**f. Termination, Coercion Or Discrimination**

Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any "employee", or arising out of other employment or personnel decisions concerning the insured.

**g. Failure To Comply With "Workers Compensation Law"**

"Bodily injury by accident" or "bodily injury by disease" to an "employee" when you are:

(1) Deprived of common law defenses; or

(2) Otherwise subject to penalty;

because of your failure to secure your obligations or other failure to comply with any "workers compensation law".

**h. Violation Of Age Laws Or Employment Of Minors**

"Bodily injury by accident" or "bodily injury by disease" suffered or caused by any person:

(1) Knowingly employed by you in violation of any law as to age; or

(2) Under the age of 14 years, regardless of any such law.

**i. Federal Laws**

Any premium, assessment, penalty, fine, benefit, liability or other obligation imposed by or granted pursuant to:

(1) The Federal Employer's Liability Act (45 USC Section 51-60);

(2) The Non-appropriated Fund Instrumentalities Act (5 USC Sections 8171-8173);

 © ISO Properties, Inc., 2003 

(3) The Longshore and Harbor Workers' Compensation Act (33 USC Sections 910-950);

(4) The Outer Continental Shelf Lands Act (43 USC Section 1331-1356);

(5) The Defense Base Act (42 USC Sections 1651-1654);

(6) The Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942);

(7) The Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872);

(8) Any other workers compensation, unemployment compensation or disability laws or any similar law; or

(9) Any subsequent amendments to the laws listed above.

**j. Punitive Damages**

Multiple, exemplary or punitive damages.

**k. Crew Members**

"Bodily injury by accident" or "bodily injury by disease" to a master or member of the crew of any vessel or any member of the flying crew of an aircraft.

**B.** The **Supplementary Payments** provisions apply to Coverage – Stop Gap Employers Liability as well as to Coverages **A** and **B.**

**C.** For the purposes of this endorsement, **Section II – Who Is An Insured,** is replaced by the following:

If you are designated in the Declarations as:

**1.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**2.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**3.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**4.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

**D.** For the purposes of this endorsement, **Section III – Limits Of Insurance,** is replaced by the following:

**1.** The Limits of Insurance shown in the Schedule of this endorsement and the rules below fix the most we will pay regardless of the number of:

**a.** Insureds;

**b.** Claims made or "suits" brought; or

**c.** Persons or organizations making claims or bringing "suits".

**2.** The "Bodily Injury By Accident" – Each Accident Limit shown in the Schedule of this endorsement is the most we will pay for all damages covered by this insurance because of "bodily injury by accident" to one or more "employees" in any one accident.

**3.** The "Bodily Injury By Disease" – Aggregate Limit shown in the Schedule of this endorsement is the most we will pay for all damages covered by this insurance and arising out of "bodily injury by disease", regardless of the number of "employees" who sustain "bodily injury by disease".

**4.** Subject to Paragraph **D.3.** of this endorsement, the "Bodily Injury By Disease" – Each "Employee" Limit shown in the Schedule of this endorsement is the most we will pay for all damages because of "bodily injury by disease" to any one "employee".

The limits of the coverage apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.


© ISO Properties, Inc., 2003

**E.** For the purposes of this endorsement, Condition **2. – Duties In The Event Of Occurrence, Claim Or Suit** of the Conditions Section **IV** is deleted and replaced by the following:

**2. Duties In The Event Of Injury, Claim Or Suit**

**a.** You must see to it that we or our agent are notified as soon as practicable of a "bodily injury by accident" or "bodily injury by disease" which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "bodily injury by accident" or "bodily injury by disease" took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the injury, claim, proceeding or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us and assist us, as we may request, in the investigation or settlement of the claim or defense against the "suit";

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury to which this insurance may also apply; and

**(5)** Do nothing after an injury occurs that would interfere with our right to recover from others.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**F.** For the purposes of this endorsement, Paragraph **4.** of the **Definitions** Section is replaced by the following:

**4.** "Coverage territory" means:

**a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

**b.** International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in **a.** above; or

**c.** All other parts of the world if the injury or damage arises out of the activities of a person whose home is in the territory described in **a.** above, but who is away for a short time on your business;

provided the insured's responsibility to pay damages is determined in the United States (including its territories and possessions), Puerto Rico, or Canada, in a suit on the merits according to the substantive law in such territory, or in a settlement we agree to.

**G.** The following are added to the **Definitions** Section:

**1.** "Workers Compensation Law" means the Workers Compensation Law and any Occupational Disease Law of Washington. This does not include provisions of any law providing non-occupational disability benefits.

**2.** "Bodily injury by accident" means bodily injury, sickness or disease sustained by a person, including death, resulting from an accident. A disease is not "bodily injury by accident" unless it results directly from "bodily injury by accident".

**3.** "Bodily injury by disease" means a disease sustained by a person, including death. "Bodily injury by disease" does not include a disease that results directly from an accident.

**H.** For the purposes of this endorsement, the definition of "bodily injury" does not apply.

 © ISO Properties, Inc., 2003 

# WASHINGTON COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

The conditions in this endorsement replace any similar conditions in the policy that are less favorable to the insured.

**A. Cancellation**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.
2. We may cancel this policy by mailing or delivering to the first Named Insured and the first Named Insured's agent or broker written notice of cancellation, including the actual reason for the cancellation, to the last mailing address known to us, at least:
   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or
   b. 45 days before the effective date of cancellation if we cancel for any other reason;

   except as provided in Paragraphs **3.** and **4.** below.
3. We may cancel the Commercial Property Coverage Part and the Capital Assets Program (Output Policy) Coverage Part, if made a part of this policy, by mailing or delivering to the first Named Insured and the first Named Insured's agent or broker written notice of cancellation at least 5 days before the effective date of cancellation for any structure where 2 or more of the following conditions exist:
   a. Without reasonable explanation, the structure is unoccupied for more than 60 consecutive days, or at least 65% of the rental units are unoccupied for more than 120 consecutive days unless the structure is maintained for seasonal occupancy or is under construction or repair;
   b. Without reasonable explanation, progress toward completion of permanent repairs to the structure has not occurred within 60 days after receipt of funds following satisfactory adjustment or adjudication of loss resulting from a fire;
   c. Because of its physical condition, the structure is in danger of collapse;
   d. Because of its physical condition, a vacation or demolition order has been issued for the structure, or it has been declared unsafe in accordance with applicable law;
   e. Fixed and salvageable items have been removed from the structure, indicating an intent to vacate the structure;
   f. Without reasonable explanation, heat, water, sewer, and electricity are not furnished for the structure for 60 consecutive days; or
   g. The structure is not maintained in substantial compliance with fire, safety and building codes.
4. If:
   a. You are an individual;
   b. A covered auto you own is of the "private passenger type"; and
   c. The policy does not cover garage, automobile sales agency, repair shop, service station or public parking place operations hazards;

   we may cancel the Commercial Automobile Coverage Part by mailing or delivering to the first Named Insured and the first Named Insured's agent or broker written notice of cancellation, including the actual reason for cancellation, to the last mailing address known to us:
   a. At least 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or
   b. At least 10 days before the effective date of cancellation for any other reason if the policy is in effect less than 30 days; or
   c. At least 20 days before the effective date of cancellation for other than nonpayment if the policy is in effect 30 days or more; or
   d. At least 20 days before the effective date of cancellation if the policy is in effect for 60 days or more or is a renewal or continuation policy, and the reason for cancellation is that your driver's license or that of any driver who customarily uses a covered "auto" has been suspended or revoked during policy period.

 © ISO Properties, Inc., 2002 

5. We will also mail or deliver to any mortgage holder, pledgee or other person shown in this policy to have an interest in any loss which may occur under this policy, at their last mailing address known to us, written notice of cancellation, prior to the effective date of cancellation. If cancellation is for reasons other than those contained in Paragraph **A.3.** above, this notice will be the same as that mailed or delivered to the first Named Insured. If cancellation is for a reason contained in Paragraph **A.3.** above, we will mail or deliver this notice at least 20 days prior to the effective date of cancellation.

6. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

7. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund will be at least 90% of the pro rata refund unless the following applies:

   **a.** For Division Two – Boiler and Machinery, if the first Named Insured cancels, the refund will be at least 75% of the pro rata refund.

   **b.** If:

      **(1)** You are an individual;

      **(2)** A covered auto you own is of the "private passenger type";

      **(3)** The policy does not cover garage, automobile sales agency, repair shop, service station or public parking place operations hazards; and

      **(4)** The first Named Insured cancels;

   the refund will be not less than 90% of any unearned portion not exceeding $100, plus 95% of any unearned portion over $100 but not exceeding $500, and not less than 97% of any unearned portion in excess of $500.

   The cancellation will be effective even if we have not made or offered a refund.

8. If notice is mailed, proof of mailing will be sufficient proof of notice.

**B. Changes**

The policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**C. Examination Of Your Books And Records**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D. Inspection And Surveys**

1. We have the right to:

   **a.** Make inspections and surveys at any time;

   **b.** Give you reports on the conditions we find; and

   **c.** Recommend changes.

2. We are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

   **a.** Are safe or healthful; or

   **b.** Comply with laws, regulations, codes or standards.

3. Paragraphs **1.** and **2.** of this condition apply not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

4. Paragraph **2.** of this condition does not apply to any inspections, surveys, reports or recommendations we may make relative to certification, under state or municipal statutes, ordinances or regulations, of boilers, pressure vessels or elevators.

 © ISO Properties, Inc., 2002 

**E. Premiums**

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and
2. Will be the payee for any return premiums we pay.

**F. Transfer Of Your Rights And Duties Under This Policy**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

**G. Nonrenewal**

1. We may elect not to renew this policy by mailing or delivering written notice of nonrenewal, stating the reasons for nonrenewal, to the first Named Insured and the first Named Insured's agent or broker, at their last mailing addresses known to us. We will also mail to any mortgage holder, pledgee or other person shown in this policy to have an interest in any loss which may occur under this policy, at their last mailing address known to us, written notice of nonrenewal. We will mail or deliver these notices at least 45 days before the:
   a. Expiration of the policy; or
   b. Anniversary date of this policy if this policy has been written for a term of more than one year.

   Otherwise, we will renew this policy unless:

   a. The first Named Insured fails to pay the renewal premium after we have expressed our willingness to renew, including a statement of the renewal premium, to the first Named Insured and the first Named Insured's insurance agent or broker, at least 20 days before the expiration date;
   b. Other coverage acceptable to the insured has been procured prior to the expiration date of the policy; or
   c. The policy clearly states that it is not renewable, and is for a specific line, subclassification, or type of coverage that is not offered on a renewable basis.
2. If:
   a. You are an individual;
   b. A covered auto you own is of the "private passenger type"; and
   c. The policy does not cover garage, automobile sales agency, repair shop, service station or public parking place operations hazards;

   the following applies to nonrenewal of the Commercial Automobile Coverage Part in place of **G.1.**:

   a. We may elect not to renew or continue this policy by mailing or delivering to you and your agent or broker written notice at least 20 days before the end of the policy period including the actual reason for nonrenewal. If the policy period is more than one year, we will have the right not to renew or continue it only at an anniversary of its original effective date. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.
   b. We will not refuse to renew Liability Coverage or Collision Coverage solely because an "insured" has submitted claims under Comprehensive Coverage or Towing and Labor Coverage.
   c. If we fail to mail or deliver proper notice of nonrenewal and you obtain other insurance this policy will end on the effective date of that insurance.

 © ISO Properties, Inc., 2002 

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

**(Broad Form)**

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
FARM COVERAGE PART
FARM UMBRELLA LIABILITY POLICY
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

**1.** The insurance does not apply:

**A.** Under any Liability Coverage, to "bodily injury" or "property damage":

**(1)** With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

**(2)** Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

**B.** Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

**C.** Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

**(1)** The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

**(2)** The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

**(3)** The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this Exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties;

"Nuclear material" means "source material", "Special nuclear material" or "by-product material";

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor";

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

"Property damage" includes all forms of radioactive contamination of property.

 ©ISO Properties, Inc., 2001 

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WEST VIRGINIA CHANGES

For a covered "auto" licensed or principally garaged, or "garage operations" conducted in West Virginia, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. The **Business Auto, Motor Carrier** and Truckers Coverage Forms are changed as follows:

   The **Expected Or Intended Injury** exclusion is replaced by the following:

   "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". However, this exclusion does not apply for amounts up to the limits of liability required by the West Virginia Safety Responsibility Law.

2. The Garage Coverage Form is changed as follows:

   The **Expected Or Intended Injury** exclusion is replaced by the following:

   "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". However, this exclusion does not apply:

   **a.** For amounts up to limits of liability required by the West Virginia Safety Responsibility Law.

   **b.** To "bodily injury" resulting from the use of reasonable force to protect persons or property, for "garage operations" other than covered "autos".

**B. Changes In Physical Damage Coverage**

1. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the Appraisal Condition in the Physical Damage Coverage Form is replaced by the following:

   If you and we disagree on the amount of "loss", either may demand, in writing, an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select a competent and impartial umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A written decision agreed to by any two will be binding. Each party will:

   **a.** Pay its chosen appraiser; and

   **b.** Bear the other expenses of the appraisal and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

 © ISO Properties, Inc., 2002 

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WEST VIRGINIA CHANGES – CANCELLATION

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** The following is added to paragraph **2.** of the CANCELLATION Common Policy Condition:

When this policy is in effect less than sixty days and is not a renewal or continuation policy, we may cancel for any reason that is not prohibited by Section 33-6B-3 of the West Virginia Statutes.

The following is added and supercedes any provision to the contrary:

**B. NONRENEWAL**

1. If we decide not to renew or continue this policy, we will mail or deliver to the first Named Insured shown in the Declarations written notice at least 45 days before the end of the policy.
2. For policies that have been in effect less than two years, we will have the right not to renew or continue this policy if the reason or reasons for the nonrenewal are not prohibited by the provisions of Section 33-6B-3 of the West Virginia Statutes.
3. If we fail to mail or deliver proper written notice of nonrenewal and you obtain other insurance this policy will end on the effective date of that insurance.
4. Any notice of nonrenewal will be mailed or delivered to your last known address. If notice is mailed, proof of mailing will be sufficient proof of notice.

 Copyright, Insurance Services Office, Inc., 1993 

POLICY NUMBER: D212L00006

COMMERCIAL GENERAL LIABILITY
CG 04 43 02 04

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# STOP GAP – EMPLOYERS LIABILITY COVERAGE ENDORSEMENT – WEST VIRGINIA

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SCHEDULE**

| Limits Of Insurance | | | |
|---|---|---|---|
| **Bodily Injury By Accident** | **$** | 500,000 | **Each Accident** |
| **Bodily Injury By Disease** | **$** | 500,000 | **Aggregate Limit** |
| **Bodily Injury By Disease** | **$** | 500,000 | **Each Employee** |
| | | | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | | | |

**A.** The following is added to **Section I – Coverages:**

**COVERAGE – STOP GAP – EMPLOYERS LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated by West Virginia Law to pay as damages because of "bodily injury by accident" or "bodily injury by disease" to your "employee" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any accident and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in **Section III – Limits Of Insurance;** and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under this coverage.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

**b.** This insurance applies to "bodily injury by accident" or "bodily injury by disease" only if:

**(1)** The:

**(a)** "Bodily injury by accident" or "bodily injury by disease" takes place in the "coverage territory";

**(b)** "Bodily injury by accident" or "bodily injury by disease" arises out of and in the course of the injured "employee's" employment by you; and

**(c)** "Employee", at the time of the injury, was covered under a worker's compensation policy and subject to a "workers compensation law" of West Virginia; and

**(2)** The:

**(a)** "Bodily injury by accident" is caused by an accident that occurs during the policy period; or


© ISO Properties, Inc., 2003

(b) "Bodily injury by disease" is caused by or aggravated by conditions of employment by you and the injured "employee's" last day of last exposure to the conditions causing or aggravating such "bodily injury by disease" occurs during the policy period.

c. The damages we will pay, where recovery is permitted by law, include damages:

(1) For:

(a) Which you are liable to a third party by reason of a claim or "suit" against you by that third party to recover the damages claimed against such third party as a result of injury to your "employee";

(b) Care and loss of services; and

(c) Consequential "bodily injury by accident" or "bodily injury by disease" to a spouse, child, parent, brother or sister of the injured "employee";

provided that these damages are the direct consequence of "bodily injury by accident" or "bodily injury by disease" that arises out of and in the course of the injured "employee's" employment by you; and

(2) Because of "bodily injury by accident" or "bodily injury by disease" to your "employee" that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

**2. Exclusions**

This insurance does not apply to:

**a. Intentional Injury**

"Bodily injury by accident" or "bodily injury by disease" intentionally caused or aggravated by you, or "bodily injury by accident" or "bodily injury by disease" resulting from an act which is determined to have been committed by you if it was reasonable to believe that an injury is substantially certain to occur.

**b. Fines Or Penalties**

Any assessment, penalty, or fine levied by any regulatory inspection agency or authority.

**c. Statutory Obligations**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**d. Contractual Liability**

Liability assumed by you under any contract or agreement.

**e. Violation Of Law**

"Bodily injury by accident" or "bodily injury by disease" suffered or caused by any employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your "executive officers".

**f. Termination, Coercion Or Discrimination**

Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any "employee", or arising out of other employment or personnel decisions concerning the insured.

**g. Failure To Comply With "Workers Compensation Law"**

"Bodily injury by accident" or "bodily injury by disease" to an "employee" when you are:

(1) Deprived of common law defenses; or

(2) Otherwise subject to penalty;

because of your failure to secure your obligations or other failure to comply with any "workers compensation law".

**h. Violation Of Age Laws Or Employment Of Minors**

"Bodily injury by accident" or "bodily injury by disease" suffered or caused by any person:

(1) Knowingly employed by you in violation of any law as to age; or

(2) Under the age of 14 years, regardless of any such law.

**i. Federal Laws**

Any premium, assessment, penalty, fine, benefit, liability or other obligation imposed by or granted pursuant to:

(1) The Federal Employer's Liability Act (45 USC Section 51-60);

(2) The Non-appropriated Fund Instrumentalities Act (5 USC Sections 8171-8173);

 © ISO Properties, Inc., 2003 

(3) The Longshore and Harbor Workers' Compensation Act (33 USC Sections 910-950);

(4) The Outer Continental Shelf Lands Act (43 USC Section 1331-1356);

(5) The Defense Base Act (42 USC Sections 1651-1654);

(6) The Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942);

(7) The Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872);

(8) Any other workers compensation, unemployment compensation or disability laws or any similar law; or

(9) Any subsequent amendments to the laws listed above.

**j. Punitive Damages**

Multiple, exemplary or punitive damages.

**k. Crew Members**

"Bodily injury by accident" or "bodily injury by disease" to a master or member of the crew of any vessel or any member of the flying crew of an aircraft.

**l. West Virginia Workers Compensation Law, Sect. 23-4-2**

"Bodily injury by accident" or "bodily injury by disease" caused by any action determined to be of deliberate intention as specified under West Virginia Workers Compensation Law, Sect. 23-4-2.

**B.** The **Supplementary Payments** provisions apply to Coverage – Stop Gap Employers Liability as well as to Coverages **A** and **B.**

**C.** For the purposes of this endorsement, **Section II – Who Is An Insured,** is replaced by the following:

If you are designated in the Declarations as:

1. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

2. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

3. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

4. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

**D.** For the purposes of this endorsement, **Section III Limits Of Insurance,** is replaced by the following:

1. The Limits of Insurance shown in the Schedule of this endorsement and the rules below fix the most we will pay regardless of the number of:

   **a.** Insureds;

   **b.** Claims made or "suits" brought; or

   **c.** Persons or organizations making claims or bringing "suits".

2. The "Bodily Injury By Accident" – Each Accident Limit shown in the Schedule of this endorsement is the most we will pay for all damages covered by this insurance because of "bodily injury by accident" to one or more "employees" in any one accident.

3. The "Bodily Injury By Disease" – Aggregate Limit shown in the Schedule of this endorsement is the most we will pay for all damages covered by this insurance and arising out of "bodily injury by disease", regardless of the number of "employees" who sustain "bodily injury by disease".

4. Subject to Paragraph **D.3.** of this endorsement, the "Bodily Injury By Disease" – Each "Employee" Limit shown in the Schedule of this endorsement is the most we will pay for all damages because of "bodily injury by disease" to any one "employee".

The limits of the coverage apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

 © ISO Properties, Inc., 2003 

**E.** For the purposes of this endorsement, Condition **2. – Duties In The Event Of Occurrence, Claim Or Suit** of the Conditions Section **IV** is deleted and replaced by the following:

**2. Duties The Event Of Injury, Claim Suit**

**a.** You must see to it that we or our agent are notified as soon as practicable of a "bodily injury by accident" or "bodily injury by disease" which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "bodily injury by accident" or "bodily injury by disease" took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the injury, claim, proceeding or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us and assist us, as we may request, in the investigation or settlement of the claim or defense against the "suit";

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury to which this insurance may also apply; and

**(5)** Do nothing after an injury occurs that would interfere with our right to recover from others.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**F.** For the purposes of this endorsement, Paragraph **4.** of the **Definitions** Section is replaced by the following:

**4.** "Coverage territory" means:

**a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

**b.** International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in **a.** above; or

**c.** All other parts of the world if the injury or damage arises out of the activities of a person whose home is in the territory described in **a.** above, but who is away for a short time on your business;

provided the insured's responsibility to pay damages is determined in the United States (including its territories and possessions), Puerto Rico, or Canada, in a suit on the merits according to the substantive law in such territory, or in a settlement we agree to.

**G.** The following are added to the **Definitions** Section:

**1.** "Workers Compensation Law" means the Workers Compensation Law and any Occupational Disease Law of West Virginia. This does not include provisions of any law providing non-occupational disability benefits.

**2.** "Bodily injury by accident" means bodily injury, sickness or disease sustained by a person, including death, resulting from an accident. A disease is not "bodily injury by accident" unless it results directly from "bodily injury by accident".

**3.** "Bodily injury by disease" means a disease sustained by a person, including death. "Bodily injury by disease" does not include a disease that results directly from an accident.

**H.** For the purposes of this endorsement, the definition of "bodily injury" does not apply.

 © ISO Properties, Inc., 2003 

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WISCONSIN CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Wisconsin, the coverage form is changed as follows:

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. If your business is other than selling, servicing, repairing or parking "autos", Who Is An Insured is changed to include an officer, agent or "employee" of such business while using a covered "auto". However, that person is an "insured" only if he or she has no other valid and collectible insurance with at least the applicable minimum limit specified by WIS. STAT. Section 344.15. In this event, coverage will be provided only up to the applicable minimum limit specified by WIS. STAT. Section 344.15. The applicable minimum limit is:
   - **a.** $60,000 for each "accident" for "bodily injury" and "property damage", if the limit of liability is a single limit that applies for each "accident"; or
   - **b.** $25,000 for each person/$50,000 for each "accident" for "bodily injury"/$10,000 for "property damage", if the limit of liability is indicated as a split limit.
2. If your business is selling, servicing, repairing or parking "autos", Who Is An Insured is changed to include anyone other than an officer, agent or "employee" of such business while using a covered "auto". However, that person is an "insured" only if he or she has no other valid and collectible insurance with at least the applicable minimum limit specified by WIS. STAT. Section 344.15. In this event, coverage will be provided only up to the applicable minimum limit specified by WIS. STAT. Section 344.15. The applicable minimum limit is:
   - **a.** $60,000 for each "accident" for "bodily injury" and "property damage", if the limit of liability is a single limit that applies for each "accident"; or
   - **b.** $25,000 for each person/$50,000 for each "accident" for "bodily injury"/$10,000 for "property damage", if the limit of liability is indicated as a split limit.
3. The following is added to **Who Is An Insured:**

   Anyone else is an "insured" while using a covered "auto" you own with your or any adult "family member's" permission.
4. The Garage Coverage Form is changed as follows:
   - **a.** Paragraph **a.(2)(d)(i)** of the **Who Is An Insured** Provision is replaced by the following:

     Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to $60,000 for each "accident", which is the minimum combined single limit of liability specified by WIS. STAT. Section 344.15.

 Copyright, Insurance Services Office, Inc., 1997 

b. Paragraph **a.(2)(d)(ii)** of the **Who Is An Insured** Provision is replaced by the following:

Has other available insurance (whether primary, excess or contingent), less than the applicable minimum limit for "bodily injury" or "property damage" liability specified by WIS. STAT. Section 344.15, they are an "insured" only for the amount by which the applicable minimum limit of liability exceeds the limit of their other insurance. The applicable minimum limit is:

(1) $60,000 for each "accident" for "bodily injury" or "property damage", if the limit of liability is a single limit that applies for each "accident"; or

(2) $25,000 for each person/$50,000 for each "accident" for "bodily injury"/$10,000 for "property damage", if the limit of liability is indicated as a split limit.

5. The **Fellow Employee** Exclusion does not apply if the "bodily injury" results from the use of covered "auto" you do not own or lease.

**B. Changes In Medical Payments Coverage**

1. Medical services also includes chiropractic services.

2. The Transfer Of Rights Of Recovery Against Others To Us Condition applies.

**C. Changes In Conditions**

1. The first sentence of the **Duties In The Event Of Accident, Claim, Suit Or Loss** Condition is replaced by the following:

We have no duty to provide coverage under this policy if failure to comply with the following duties is prejudicial to us:

In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representatives notice as soon as reasonably possible of the "accident" or "loss".

2. The following is added to the **Transfer Of Rights Of Recovery Against Others To Us** Condition:

We shall be entitled to a recovery only after the "insured" has been fully compensated for damages.

3. The Legal Action Against Us Condition does not apply.

4. The following is added to the **Concealment, Misrepresentation Or Fraud** Condition:

No oral or written statement, representation or warranty made by the "insured" or in his behalf in the negotiation for or procurement of this coverage form shall be deemed material or defeat or void this coverage form, unless such statement, representation or warranty was false and made with intent to deceive, or unless the matter misrepresented or made a warranty increased the risk or contributed to the "loss" and no breach of a warranty in this coverage form shall defeat or void this coverage form unless the breach of such warranty increased the risk at the time of "loss", or contributed to the "loss", or existed at the time of the "loss".

Our authorized representative's knowledge will be considered our knowledge. If our authorized representative knows before an "accident" or "loss" something which violates a policy condition, this will not void the policy or defeat a recovery for a claim.

If we elect to rescind this policy, we will notify the "insured" of our intention within 60 days after acquiring knowledge of sufficient facts to constitute grounds for rescission.

5. The following is added:

**CONFORMITY TO STATUTE OR RULE**

Any provision of this Coverage Part (including endorsements which modify the Coverage Part) that is in conflict with a Wisconsin statute or rule is hereby amended to conform to that statute or rule.

The term rule means a valid rule promulgated by the Commissioner of Insurance in accordance with the rule-making authority conferred under Wis. Stat. Ann. Sec. 227.11(2) and published in the Wisconsin Administrative Code.

 Copyright, Insurance Services Office, Inc., 1997 

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# WISCONSIN CHANGES – AMENDMENT OF POLICY CONDITIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**1.** The following is added to CHANGES (Common Policy Conditions):

If one of our agents knows of a fact that breaches a condition of this Coverage Part, we will be considered to have knowledge of this same fact if:

**a.** The agent knows of this fact at the time the Coverage Part is issued or an application is made; or

**b.** The agent later learns of this fact in the course of his dealings as an agent with you.

Any fact that breaches a condition of this Coverage Part and is known to the agent prior to loss shall not void the Coverage Part or prevent a recovery in the event of loss.

**2.** The LEGAL ACTION AGAINST US Condition (Section IV) does not apply.

**3.** The following is added to Condition **6.** REPRESENTATIONS (Section **IV**):

No misrepresentation or breach of affirmative warranty made by you or on your behalf in the negotiation of this Coverage Part affects our obligation under this Coverage Part unless:

**a.** We rely on it and it is either material or made with intent to deceive; or

**b.** The facts misrepresented or falsely warranted contribute to the loss.

No failure of a condition before the loss and no breach of a promissory warranty affects our obligation under this Coverage Part unless such failure or breach:

**a.** Exists at the time of the loss; and

**b.** Either increases the risk at the time of the loss or contributes to the loss.

The provisions of this condition do not apply to nonpayment of premium.

**4.** Condition **8.** TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US (Section **IV**) is replaced by the following:

In the event of any payment under this Coverage Part, we will be entitled to the insured's rights of recovery against any person or organization and the insured will do whatever is necessary to secure such rights. We will be entitled to a recovery only after the insured has been fully compensated for damages.

**5. CONFORMITY TO STATUTE OR RULE**

Any provision of this policy (including endorsements which modify the policy) that is in conflict with a Wisconsin statute or rule is hereby amended to conform to that statute or rule.

The term rule means a valid rule promulgated by the Commissioner of Insurance in accordance with the rule-making authority conferred under Wis. Stat. Ann. Section 227.11(2) and published in the Wisconsin Administrative Code.

 Copyright, Insurance Services Office, Inc., 1984, 1992 

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WISCONSIN CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE PART
CAPITAL ASSETS PROGRAM (OUTPUT POLICY) COVERAGE PART
COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
CRIME AND FIDELITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
FARM COVERAGE PART
FARM UMBRELLA LIABILITY POLICY
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**A.** Paragraph **2.** of the **Cancellation** Common Policy Condition is replaced by the following:

**2.** We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least 10 days before the effective date of cancellation.

If this policy has been in effect for less than 60 days and is not a renewal policy, we may cancel for any reason.

If this policy has been in effect for 60 days or more or is a renewal of a policy we issued, except as provided in Paragraph **7.** below, we may cancel this policy only for one or more of the following reasons:

**a.** The policy was obtained by material misrepresentation;

**b.** There has been a substantial change in the risk we originally assumed, except to the extent that we should have foreseen the change or considered the risk in writing the policy;

**c.** There have been substantial breaches of contractual duties, conditions or warranties; or

**d.** Nonpayment of premium.

If this policy has been in effect for 60 days or more or is a renewal of a policy we issued, the notice of cancellation will state the reason for cancellation.

**B.** The following is added to the **Cancellation** Common Policy Condition:

**7. Anniversary Cancellation**

If this policy is written for a term of more than one year or has no fixed expiration date, we may cancel this policy for any reason by mailing or delivering to the first Named Insured written notice of cancellation at least 60 days before the anniversary date of the policy. Such cancellation will be effective on the policy's anniversary date.

We may cancel this policy because of the termination of an insurance marketing intermediary's contract with us only if the notice of cancellation contains an offer to continue the policy with us if we receive a written request from the first Named Insured prior to the date of cancellation.

**C.** The following applies to the:

BOILER AND MACHINERY COVERAGE PART
CAPITAL ASSETS PROGRAM (OUTPUT POLICY) COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
CRIME AND FIDELITY COVERAGE PART
FARM COVERAGE PART

 © ISO Properties, Inc., 2001 

1. We may rescind this policy because of the following:

   a. Misrepresentation made by you or on your behalf in the negotiation for or procurement of this Coverage Part, if the person knew or should have known that the representation was false;

   b. Breach of affirmative warranty made by you or on your behalf in the negotiation for or procurement of this Coverage Part;

   c. Failure of a condition before a loss if such failure exists at the time of loss; or

   d. Breach of a promissory warranty if such breach exists at the time of loss.

2. We may not rescind this policy:

   a. For the reasons in Paragraphs **C.1.a.** and **C.1.b.** unless:

      (1) We rely on the misrepresentation or affirmative warranty and the misrepresentation or affirmative warranty is either material or made with intent to deceive; or

      (2) The facts misrepresented or falsely warranted contribute to the loss.

   b. For the reasons in Paragraphs **C.1.c.** and **C.1.d.** unless such failure or breach:

      (1) Increases the risk at the time of loss; or

      (2) Contributes to the loss.

3. If we elect to rescind this policy, we will notify the first Named Insured of our intention within 60 days after acquiring knowledge of sufficient facts to constitute grounds for rescission.

**D.** The following are added and supersede any other provisions to the contrary:

**1. Nonrenewal**

a. If we elect not to renew this policy we will mail or deliver written notice of nonrenewal to the first Named Insured's last mailing address known to us. We may elect not to renew for any reason; the notice will state the reason for nonrenewal. We will mail or deliver the notice at least 60 days before the expiration date of this policy.

We need not mail or deliver the notice if:

(1) You have insured elsewhere;

(2) You have accepted replacement coverage;

(3) You have requested or agreed to nonrenewal of this policy; or

(4) This policy is expressly designated as nonrenewable.

b. We may refuse to renew this policy because of the termination of an insurance marketing intermediary's contract with us only if the notice of nonrenewal contains an offer to renew the policy with us if we receive a written request from the first Named Insured prior to the renewal date.

c. If you fail to pay the renewal or continuation premium by the premium due date, this policy will terminate on the policy expiration or anniversary date, if we have:

   (1) Given you written notice of the renewal or continuation premium not more than 75 days nor less than 10 days prior to the due date of the premium; and

   (2) Stated clearly in the notice the effect of nonpayment of premium by the due date.

**2. Anniversary Alteration**

If this policy is written for a term of more than one year or has no fixed expiration date, we may alter the terms or premiums of this policy by mailing or delivering written notice of less favorable terms or premiums to the first Named Insured's last mailing address known to us. We will mail, by first class mail, or deliver this notice at least 60 days prior to the anniversary date.

If we notify the first Named Insured within 60 days prior to the anniversary date, the new terms or premiums will not take effect until 60 days after the notice was mailed or delivered. The notice will include a statement of the first Named Insured's right to cancel. The first Named Insured may elect to cancel the policy at any time during the 60-day period, in accordance with Paragraph **1.** of the Cancellation Common Policy Condition. If the first Named Insured elects to cancel the policy during the 60-day period, return premiums or additional premium charges will be calculated proportionately on the basis of the old premiums.

 © ISO Properties, Inc., 2001 

**3. Renewal With Altered Terms**

If we elect to renew this policy but on less favorable terms or at higher premiums, we will mail or deliver written notice of the new terms or premiums to the first Named Insured's last mailing address known to us. We will mail, by first class mail, or deliver this notice at least 60 days prior to the renewal date.

If we notify the first Named Insured within 60 days prior to the renewal date, the new terms or premiums will not take effect until 60 days after the notice was mailed or delivered. The notice will include a statement of the first Named Insured's right to cancel. The first Named Insured may elect to cancel the renewal policy at any time during the 60-day period, in accordance with Paragraph **1.** of the Cancellation Common Policy Condition. If the first Named Insured elects to cancel the renewal policy during the 60-day period, return premiums or additional premium charges will be calculated proportionately on the basis of the old premiums.

We need not mail or deliver this notice if the only change adverse to you is a premium increase that:

**a.** Is less than 25% and is generally applicable to the class of business to which this policy belongs; or

**b.** Results from a change based on your action that alters the nature or extent of the risk insured against, including but not limited to a change in the classification or the units of exposure, or increased policy coverage.

**E. Special Provision – Cancellation And Nonrenewal**

With respect to insurance provided under the Commercial Automobile Coverage Part, we will not cancel or refuse to renew Liability Coverage wholly or partially because of age, sex, residence, race, color, creed, religion, national origin, ancestry, marital status or occupation of anyone who is an insured.


© ISO Properties, Inc., 2001

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WYOMING CHANGES – DUTY TO DEFEND

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

SECTION II – LIABILITY COVERAGE for a covered "auto" licensed or principally garaged in, or for "garage operations" conducted in, Wyoming, is changed as follows:

The following is added to **A.** COVERAGE:

The tender of the LIMITS OF INSURANCE before judgment or settlement does not relieve us of our duty to defend.

 Copyright, Insurance Services Office, Inc., 1993 

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WYOMING CHANGES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following is added to Paragraph **1.a.(2)** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Section **I – Coverage B – Personal And Advertising Injury Liability:**

The tender of the limits of insurance before judgment or settlement does not relieve us of our duty to defend.

B. The following is added as the final full paragraph of Paragraph **1., Insuring Agreement** of Section **I – Coverage A – Bodily Injury And Property Damage Liability** and Section **I – Coverage B – Personal And Advertising Injury Liability:**

Damages include prejudgment interest awarded against the insured.

C. Paragraph **1.f.** dealing with prejudgment interest in Section **I – Supplementary Payments – Coverages A And B** is deleted.

 Copyright, Insurance Services Office, Inc., 1997 

POLICY NUMBER: D212L00006

COMMERCIAL GENERAL LIABILITY
CG 04 44 11 03

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# STOP GAP – EMPLOYERS LIABILITY COVERAGE ENDORSEMENT – WYOMING

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SCHEDULE**

| **Limits Of Insurance** | | | |
|---|---|---|---|
| Bodily Injury By Accident | $ | 500,000 | Each Accident |
| Bodily Injury By Disease | $ | 500,000 | Aggregate Limit |
| Bodily Injury By Disease | $ | 500,000 | Each Employee |
| | | | |

(If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A.** The following is added to **Section I – Coverages:**

**COVERAGE – STOP GAP – EMPLOYERS LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated by Wyoming Law to pay as damages because of "bodily injury by accident" or "bodily injury by disease" to your "employee" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any accident and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in **Section III – Limits Of Insurance;** and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under this coverage.

The tender of the limits of insurance before judgment or settlement does not relieve us of our duty to defend.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

**b.** This insurance applies to "bodily injury by accident" or "bodily injury by disease" only if:

**(1)** The:

**(a)** "Bodily injury by accident" or "bodily injury by disease" takes place in the "coverage territory";

**(b)** "Bodily injury by accident" or "bodily injury by disease" arises out of and in the course of the injured "employee's" employment by you; and

**(c)** "Employee", at the time of the injury, was covered under a worker's compensation policy and subject to a "workers compensation law" of Wyoming; and

**(2)** The:

**(a)** "Bodily injury by accident" is caused by an accident that occurs during the policy period; or

 © ISO Properties, Inc., 2003 

(b) "Bodily injury by disease" is caused by or aggravated by conditions of employment by you and the injured "employee's" last day of last exposure to the conditions causing or aggravating such "bodily injury by disease" occurs during the policy period.

c. The damages we will pay, where recovery is permitted by law, include damages:

(1) For:

(a) Which you are liable to a third party by reason of a claim or "suit" against you by that third party to recover the damages claimed against such third party as a result of injury to your "employee";

(b) Care and loss of services; and

(c) Consequential "bodily injury by accident" or "bodily injury by disease" to a spouse, child, parent, brother or sister of the injured "employee";

provided that these damages are the direct consequence of "bodily injury by accident" or "bodily injury by disease" that arises out of and in the course of the injured "employee's" employment by you; and

(2) Because of "bodily injury by accident" or "bodily injury by disease" to your "employee" that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

d. Damages include prejudgment interest awarded against the insured.

**2. Exclusions**

This insurance does not apply to:

**a. Intentional Injury**

"Bodily injury by accident" or "bodily injury by disease" intentionally caused or aggravated by you, or "bodily injury by accident" or "bodily injury by disease" resulting from an act which is determined to have been committed by you if it was reasonable to believe that an injury is substantially certain to occur.

**b. Fines Or Penalties**

Any assessment, penalty, or fine levied by any regulatory inspection agency or authority.

**c. Statutory Obligations**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**d. Contractual Liability**

Liability assumed by you under any contract or agreement.

**e. Violation Of Law**

"Bodily injury by accident" or "bodily injury by disease" suffered or caused by any employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your "executive officers".

**f. Termination, Coercion Or Discrimination**

Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any "employee", or arising out of other employment or personnel decisions concerning the insured.

**g. Failure To Comply With "Workers Compensation Law"**

"Bodily injury by accident" or "bodily injury by disease" to an "employee" when you are:

(1) Deprived of common law defenses; or

(2) Otherwise subject to penalty;

because of your failure to secure your obligations or other failure to comply with any "workers compensation law".

**h. Violation Of Age Laws Or Employment Of Minors**

"Bodily injury by accident" or "bodily injury by disease" suffered or caused by any person:

(1) Knowingly employed by you in violation of any law as to age; or

(2) Under the age of 14 years, regardless of any such law.

**i. Federal Laws**

Any premium, assessment, penalty, fine, benefit, liability or other obligation imposed by or granted pursuant to:

(1) The Federal Employer's Liability Act (45 USC Section 51-60);

(2) The Non-appropriated Fund Instrumentalities Act (5 USC Sections 8171-8173);

 © ISO Properties, Inc., 2003 

(3) The Longshore and Harbor Workers' Compensation Act (33 USC Sections 910-950);

(4) The Outer Continental Shelf Lands Act (43 USC Section 1331-1356);

(5) The Defense Base Act (42 USC Sections 1651-1654);

(6) The Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942);

(7) The Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872);

(8) Any other workers compensation, unemployment compensation or disability laws or any similar law; or

(9) Any subsequent amendments to the laws listed above.

**j. Punitive Damages**

Multiple, exemplary or punitive damages.

**k. Crew Members**

"Bodily injury by accident" or "bodily injury by disease" to a master or member of the crew of any vessel or any member of the flying crew of an aircraft.

**B.** The **Supplementary Payments** provisions apply to Coverage – Stop Gap Employers Liability as well as to Coverages **A** and **B.**

**C.** For the purposes of this endorsement, **Section II – Who Is An Insured,** is replaced by the following:

If you are designated in the Declarations as:

1. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
2. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
3. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
4. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

**D.** For the purposes of this endorsement, **Section III – Limits Of Insurance**, is replaced by the following:

1. The Limits of Insurance shown in the Schedule of this endorsement and the rules below fix the most we will pay regardless of the number of:
   **a.** Insureds;
   **b.** Claims made or "suits" brought; or
   **c.** Persons or organizations making claims or bringing "suits".
2. The "Bodily Injury By Accident" – Each Accident Limit shown in the Schedule of this endorsement is the most we will pay for all damages covered by this insurance because of "bodily injury by accident" to one or more "employees" in any one accident.
3. The "Bodily Injury By Disease" – Aggregate Limit shown in the Schedule of this endorsement is the most we will pay for all damages covered by this insurance and arising out of "bodily injury by disease", regardless of the number of "employees" who sustain "bodily injury by disease".
4. Subject to Paragraph **D.3.** of this endorsement, the "Bodily Injury By Disease" – Each "Employee" Limit shown in the Schedule of this endorsement is the most we will pay for all damages because of "bodily injury by disease" to any one "employee".

The limits of the coverage apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

**E.** For the purposes of this endorsement, Condition **2. – Duties In The Event Of Occurrence, Claim Or Suit** of the Conditions **Section IV** is deleted and replaced by the following:

 © ISO Properties, Inc., 2003 

**2. Duties In The Event Of Injury, Claim Or Suit**

a. You must see to it that we or our agent are notified as soon as practicable of a "bodily injury by accident" or "bodily injury by disease" which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "bodily injury by accident" or "bodily injury by disease" took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury.

b. If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the injury, claim, proceeding or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us and assist us, as we may request, in the investigation or settlement of the claim or defense against the "suit";

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury to which this insurance may also apply; and

(5) Do nothing after an injury occurs that would interfere with our right to recover from others.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

F. For the purposes of this endorsement, Paragraph **4.** of the **Definitions** Section is replaced by the following:

4. "Coverage territory" means:

a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

b. International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in **a.** above; or

c. All other parts of the world if the injury or damage arises out of the activities of a person whose home is in the territory described in **a.** above, but who is away for a short time on your business;

provided the insured's responsibility to pay damages is determined in the United States (including its territories and possessions), Puerto Rico, or Canada, in a suit on the merits according to the substantive law in such territory, or in a settlement we agree to.

G. The following are added to the **Definitions** Section:

1. "Workers Compensation Law" means the Workers Compensation Law and any Occupational Disease Law of Wyoming. This does not include provisions of any law providing non-occupational disability benefits.

2. "Bodily injury by accident" means bodily injury, sickness or disease sustained by a person, including death, resulting from an accident. A disease is not "bodily injury by accident" unless it results directly from "bodily injury by accident".

3. "Bodily injury by disease" means a disease sustained by a person, including death. "Bodily injury by disease" does not include a disease that results directly from an accident.

H. For the purposes of this endorsement, the definition of "bodily injury" does not apply.

 © ISO Properties, Inc., 2003 

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# WYOMING CHANGES – EMPLOYEE BENEFITS LIABILITY COVERAGE

This endorsement modifies insurance provided under the following:

EMPLOYEE BENEFITS LIABILITY COVERAGE ENDORSEMENT **CG 04 35**

Paragraph **3.** under Paragraph **G.** of the Employee Benefits Liability Coverage Endorsement is replaced by the following:

**3.** An Extended Reporting Period of unlimited duration is available, but only by endorsement and for an extra charge.

You must give us a written request for the endorsement within 60 days after the end of the policy period. The Extended Reporting Period will not go into effect unless you pay the additional premium promptly when due.

We will determine the additional premium in accordance with our rules and rates. In doing so, we may take into account the following:

**a.** The "employee benefit programs" insured;

**b.** Previous types and amounts of insurance;

**c.** Limits of insurance available under this endorsement for future payment of damages; and

**d.** Other related factors.

The additional premium will not exceed 200% of the annual premium for the Employee Benefits Liability endorsement.

The Extended Reporting Period endorsement applicable to this coverage shall set forth the terms, not inconsistent with this Section, applicable to the Extended Reporting Period, including a provision to the effect that the insurance afforded for "claims" first received during such period is excess over any other valid and collectible insurance available under policies in force after the Extended Reporting Period starts.

 © ISO Properties, Inc., 2001  □

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# WYOMING CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE PART
CAPITAL ASSETS PROGRAM (OUTPUT POLICY) COVERAGE PART
COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
CRIME AND FIDELITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
FARM COVERAGE PART
FARM UMBRELLA LIABILITY POLICY
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART

**A.** Paragraph **2.** of the **Cancellation** Common Policy Conditions is replaced by the following:

**2. Cancellation Of Policies In Effect**

**a. Less Than 60 Days**

If this policy has been in effect for less than 60 days, we may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

**(1)** 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

**(2)** 30 days before the effective date of cancellation if we cancel for any other reason.

**b. 60 Days Or More**

If this policy has been in effect for 60 days or more, or if this policy is a renewal of a policy we issued, we may cancel this policy only for one or more of the following reasons:

**(1)** Nonpayment of premium.

**(2)** Material misrepresentation of fact which, if known to us, would have caused us not to issue the policy.

**(3)** Substantial change in the risk assumed, except to the extent that we should reasonably have foreseen the change or contemplated the risk in writing the policy.

**(4)** Substantial breaches of contractual duties, conditions or warranties.

If we cancel, we will mail or deliver to the first Named Insured and the agent, if any, written notice of cancellation, stating the reason for cancellation, at least:

**(a)** 10 days before the effective date of cancellation if cancellation is for the reason stated in **b.(1)** above; or

**(b)** 45 days before the effective date of cancellation if cancellation is for the reasons stated in **b.(3)** or **(4)** above.

**B.** The following is added to the **Cancellation** Common Policy Condition:

**7.** If we cancel this policy in accordance with Paragraph **A.1.** of this endorsement, any unearned premium will be refunded to the first Named Insured prior to the effective date of cancellation.



© ISO Properties, Inc., 2001

**C.** The following is added as an additional Condition and supersedes any other provision to the contrary:

**NONRENEWAL**

**1.** If we decide not to renew this policy, we will mail or deliver written notice of nonrenewal to the first Named Insured and the agent, if any, at least 45 days before:

**a.** The expiration date; or

**b.** The anniversary date if this is a continuous policy.

**2.** Notice of nonrenewal will state the reason for nonrenewal.

**3.** Any notice of nonrenewal will be mailed or delivered to the first Named Insured's and agent's last mailing address known to us. If notice is mailed, proof of mailing will be sufficient proof of notice.


© ISO Properties, Inc., 2001